**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          **Plaintiff(s),**      **CASE NUMBER: 09-20113
                                               HONORABLE VICTORIA A. ROBERTS**

**v.**

**STEVEN KELLER,**

          **Defendant(s).**

_____/

**ORDER**

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 10, 2009, Steven Keller was indicted for Sexual Exploitation of a Minor, in violation of 18 U.S.C. §2251(a), (e).  The Indictment says:

> On or about January, 2009, within the Eastern District of Michigan [Steven Keller] did knowingly employ, and use a minor, and did knowingly attempt to employ and use a minor, Jane Doe, a 10 year old girl, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

The Government claims Keller installed a wireless video surveillance camera in his 10-year-old neighbor's bathroom that was focused on the bathtub/shower area.  According to the Government, a search of Keller's home resulted in the seizure of: (1) a DVD recording of the 10-year-old girl preparing for, entering, and exiting the shower; and (2) additional DVDs of the same recording that were slowed to different speeds.

1

Before the Court is Keller's "Motion to Dismiss the Indictment." (Doc. #10). Keller says the Government does not have jurisdiction to prosecute him in federal court and only his state court charge is appropriate. According to Keller, the activities alleged in the Indictment were local, non-commercial, and did not have a substantial enough effect on interstate commerce to implicate Congress's authority under the Commerce Clause. In support of his argument that 18 U.S.C. §2251(a) is unconstitutional as applied, Keller relies on the four-factor test outlined in *United States v. Corp*, 236 F.3d 325, 329 (6th Cir. 2001):

1) Is the prohibited activity commercial or economic in nature?

2) Is there an express jurisdictional element involving interstate activity which might limit the statute's reach?

3) Did Congress make findings about the effects of the prohibited conduct on interstate commerce? and

4) Is the link between the prohibited activity and the effect on interstate commerce attenuated?

On June 30, 2009, Magistrate Judge Paul Komives issued a Report and Recommendation ("R&R") to DENY Keller's motion. He says: (1) 18 U.S.C. §2251(a) is constitutional as applied to purely local production and possession of child pornography; and (2) Keller's reliance on the four-factor test outlined in *Corp* is misplaced in light of *Gonzales v. Raich*, 545 U.S. 1 (2005).

Keller objects. He says: (1) the R&R rests on the flawed premise that the subject matter involved in this case – a single DVD recording of his neighbor – is part of a broad interstate market in child pornography; (2) the facts alleged in the Indictment do not implicate an interstate market for fungible child pornography that is subject to federal

2

regulation; (3) while *Raich* allows the federal Government to regulate purely local activities involving fungible products, it does not permit federal regulation of purely local activities involving entirely unique products; and (4) the Magistrate's reading of *Corp* is incorrect.

The Government asks the Court to adopt the R&R. It says Keller's activities substantially affect interstate commerce because the recording devices, the DVDs that contained the recording, and the packaging for the camera Keller installed in the girl's bathroom were all manufactured outside the state of Michigan.

For the following reasons, the Court **ADOPTS** the R&R.

## II.    APPLICABLE LAW AND ANALYSIS

18 U.S.C. §2251(a) says:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . . if that visual depiction was produced . . . using materials that have been mailed, shipped, or transported in . . . interstate or foreign commerce by any means[.]

Federal jurisdiction is based on the "materials-in-commerce" clause of this statute: "if that visual depiction was produced . . . using materials that have been mailed, shipped, or transported in . . . interstate or foreign commerce by any means[.]" *See United States v. Gann*, 2005 WL 3528917 at **3 (6th Cir. Dec. 21, 2005) (quoting 18 U.S.C. §2251(a)).

In addition, *Raich* gives Congress the power to regulate purely local activities that are part of an economic "class of activities" that have a substantial effect on interstate commerce. *Raich*, 545 U.S. at 17. Under *Raich*, Congress has the authority to regulate

Keller's activities as long as a rational basis exists for concluding that the activities, taken in the aggregate, affect interstate commerce. *See id.* at 22. According to the Sixth Circuit, "Congress has a rational basis for believing that 'homegrown' child pornography can 'feed[] the national market and stimulate[] demand.'" *Gann*, 2005 WL 3528917 at **6 (citation omitted); *see also United States v. Andrews*, 383 F.3d 374, 378 n.1 (6th Cir. 2004):

> there is an extensive commercial market in child pornography and . . . much of the material that feeds this market is "homegrown," that is, produced by amateur photographers . . . . Because much of the child pornography that concerned Congress is homegrown, untraceable, and enters the national market surreptitiously, . . . Congress, in an attempt to halt interstate trafficking, can prohibit local production that feeds the national market and stimulates demand, as this production substantially affects interstate commerce.

(Quoting *United States v. Holston*, 343 F.3d 83, 88-90 (2nd Cir. 2003)). "A finding that the one producing the pornography must intend to place it into the stream of interstate commerce is not necessary." *Gann*, 2005 WL 3528917 at **6.

Nevertheless, Keller relies on *Corp* to support his argument that the mere fact that the materials used to produce the visual depiction were manufactured outside the state of Michigan does not create a sufficient nexus between his activities and interstate commerce for federal jurisdiction.

In *Corp*, the police seized pictures from a photo album in the defendant's bedroom of the defendant's 26-year-old wife engaging in consensual sexual activity with a 17-year-old female. *Corp*, 236 F.3d at 326. There was no allegation that the defendant distributed the photographs or invited others to observe the photographs. *Id.*

The defendant was charged with three counts of producing child pornography

4

and one count of possession of child pornography.  *Id.*  Federal jurisdiction was based on the fact that the photographic paper was manufactured in Germany.  *Id.*  The defendant moved to dismiss the indictment on the basis that the origin of the photographic paper outside the state of Michigan was an insufficient nexus with interstate commerce.  *Id.* at 327.

The Sixth Circuit concluded that:

> [The defendant's] activity was not of a type demonstrated *substantially* to be connected or related to interstate commerce . . . .  Under the undisputed circumstances here, [the defendant] was not involved, nor intended to be involved, in the distribution or sharing with others of the pictures in question.  Sauntman [the 17-year-old female] was not an "exploited child" nor a victim in any real and practical sense in this case.  In the other cases that have addressed this issue, the courts were faced with the much more threatening situation where an adult was taking advantage of a much younger child or using the imagery for abusive or semi-commercial purposes.
>
> .   .   .
>
> [The defendant] was not alleged to be a pedophile nor was he alleged to have been illegally sexually involved with minors other than Sauntman, who was merely months away from reaching majority.  Clearly, [the defendant] was not the typical offender feared by Congress that would become addicted to pornography and perpetuate the industry via interstate connections.  Under these circumstances, the government has failed to make a showing that [the defendant's] sort of activity would substantially affect interstate commerce.

*Id.* at 332-33 (emphasis in original) (internal citations omitted).

*Corp* is distinguishable.  Here, Keller allegedly videotaped a vulnerable child without her knowledge and duplicated the recording using different speeds.  This is the type of child-exploitive behavior that Congress sought to prohibit.  And, Keller may be "the typical offender feared by Congress that would become addicted to pornography and perpetuate the industry via interstate connections."  *See Corp*, 236 F.3d at 333.

5

In addition, the Sixth Circuit has emphasized that *Corp* was factually unique. *See Andrews*, 383 F.3d at 376; *United States v. Chambers*, 441 F.3d 438, 452 (6th Cir. 2006).

Further, at least three Sixth Circuit cases hold that the production of pornography using equipment or materials produced in other states or countries sufficiently affects interstate commerce to pass constitutional muster. *See e.g.*, *Chambers*, 441 F.3d at 451-55 (the fact that the Polaroid film that the defendant used to photograph minors was produced in Massachusetts or the Netherlands created a sufficient nexus to interstate commerce for federal jurisdiction); *Andrews*, 383 F.3d at 377 (federal jurisdiction was predicated on the fact that the defendant purchased his computer from out of state and a pen camera used to take pornographic photographs was manufactured in China); *Gann*, 2005 WL 3528917 at \*\*3 (the fact that the materials used by the defendant to take pictures and videotape his daughters were manufactured out of state was sufficient for federal jurisdiction).

Finally, *Corp*'s continued validity is questionable in light of *Raich* and the Sixth Circuit's application of *Raich* in *Chambers*. *See United States v. Salazar*, 2006 WL 1716704 at \*\*2 (6th Cir. June 22, 2006).

### III.   CONCLUSION

The Court **ADOPTS** the Magistrate Judge's R&R. Keller's motion to dismiss the indictment is **DENIED**.

**IT IS ORDERED**.

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: August 11, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 11, 2009.
>
> s/Carol A. Pinegar
> Deputy Clerk